# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| WELLSPAN HEALTH, d/b/a | ) | **JURY TRIAL DEMANDED** |
| WELLSPAN BARIATRIC | ) | |
| SURGERY, | ) | |
| | ) | |
| Defendant. | ) | *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, JESSICA EDWARDS, a resident of York County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, WELLSPAN HEALTH, d/b/a WELLSPAN BARIATRIC SURGERY, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*. and 28 U.S.C. §§1331 and 1343.

2.    Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3.      Venue is also proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4.      Plaintiff, Jessica Edwards (hereinafter "Ms. Edwards"), is an adult individual female residing at 3539 Hardwood Terrace, Spring Grove, York County, Pennsylvania.

5.      Defendant, Wellspan Health, d/b/a Wellspan Bariatric Surgery (hereinafter "Defendant"), is a Pennsylvania non-profit corporation with a registered office address of 1001 South George Street, York, York County, Pennsylvania.

6.      At all times material hereto, Defendant operated the WellSpan Bariatric Surgery practice in York, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

7.      On or about October 17, 2016, Ms. Edwards filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2017-00319, with instruction to be cross-filed by the EEOC

with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filing with the PHRC.

8.     Ms. Edwards has been advised by the EEOC of her right to sue in federal court, which notice was received on or about May 15, 2017.

## STATEMENT OF FACTS

9.     On or about December 5, 2013, Ms. Edwards was hired by White Rose Surgical Associates, which practice was subsequently acquired by Defendant. On or about February 8, 2016, Ms. Edwards was transferred to the WellSpan Bariatric Surgery practice as a Physician Office Clinical Assistant.

10.     Throughout her tenure at the WellSpan Bariatric Surgery practice, Ms. Edwards was subjected to repeated inappropriate, sexual comments and advances by Dr. John Monk.  Among other things, Dr. Monk:

> a.     made repeated comments regarding Ms. Edwards' body, including inquiries about how she would look in a bikini; and
>
> b.     made unsolicited comments about Ms. Edwards' breastfeeding, specifically stating that "some guys are into that."

11.     Additionally, upon information and belief, Dr. Monk would perform breast examinations on every female patient for his own self-gratification, regardless of whether the patient required said examination.

12.     Upset by these sexually-charged comments and Dr. Monk's inappropriate behavior, Ms. Edwards complained in person to Defendant's Senior Practice Manager, Julianne Rowe, and Defendant's Clinical Coordinator, Susan Ross, in approximately mid-July of 2016, specifically explaining the nature and content of the comment(s) and that the comments constituted unwanted sexual harassment.

13.     Defendant's management assured Mr. Edwards that her complaint would be taken seriously and that they would discuss the issue(s) with Dr. Monk.

14.     Upon information and belief, no follow-up action was actually taken.

15.     Instead, on or about August 15, 2016, only weeks after her complaint, Defendant terminated Ms. Edwards on a pretext.

16.     Defendant's retaliation against Ms. Edwards, as well as its sexual harassment and overall sexual misconduct, violated her rights under Title VII.

## COUNT I
## TITLE VII SEXUAL HARASSMENT

17.     All prior paragraphs are incorporated herein as if set forth fully below.

18.     Defendant created, permitted, tolerated, encouraged, and fostered a sexually hostile, intimidating, demeaning, degrading, and demoralizing

environment at the Wellspan Bariatric Surgery practice at which Ms. Edwards worked, which hostile environment was ongoing and pervasive throughout the entirety of Ms. Edwards' tenure there.

19.    The acts of Defendant, and its officers, agents, and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Edwards, included allowing Dr. Monk to sexually harass Ms. Edwards and continuing to allow this situation to occur despite Ms. Edwards' direct complaints and objections.

20.    The sexually hostile environment was known to Defendant's managers, who took no meaningful or effective action to terminate the offending behavior or to remove the offending environment.

21.    As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Ms. Edwards was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

22.    As a result of the sexually hostile environment Ms. Edwards has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

23.     The actions of Defendant set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Jessica Edwards, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Wellspan Health, d/b/a Wellspan Bariatric Surgery, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## TITLE VII RETALIATION

24.     All prior paragraphs are incorporated herein as if set forth fully below.

25.     As set forth above, subsequent to Ms. Edwards' good-faith complaints regarding the sexual harassment and sexually hostile environment, Defendant and/or its management retaliated against Ms. Edwards by terminating her employment because of her report to Defendant's Human Resources.

26.     As a result of Defendant's actions, Ms. Edwards has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, and has endured

public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

WHEREFORE, Plaintiff, Jessica Edwards, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Wellspan Health, d/b/a Wellspan Bariatric Surgery, and grant such relief as may be appropriate, including liquidated, compensatory and punitive damages, costs and attorneys' fees, and for such other further relief, in law and in equity, both actual and special, to which this Honorable Court deems just fair and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III
## PHRA VIOLATIONS

27.     All prior paragraphs are incorporated herein as if set forth fully below.

28.     This is an action arising under the provisions of the PHRA and this Honorable Court has, and should exercise, pendent jurisdiction over the same because the causes or actions complained of in this Count III arise out of the same facts, events and circumstances as Counts I & II, and therefore judicial economy and fairness to the parties dictates that this Count III be brought in the same Complaint.

29.    By subjecting Plaintiff to sexual harassment, Defendant violated the provisions of the PHRA which prohibit harassment based upon sex with respect to the continuation and tenure of employment.

30.    By retaliating against Plaintiff, Defendant violated Section 955 of the PHRA which prohibits retaliation for reports of harassment based upon sex with respect to the continuation and tenure of employment.

31.    By failing to take any meaningful or effective action to curtail the sexual harassment and by retaliating against Plaintiff by wrongfully terminating her, Defendant violated the PHRA.

32.    As more fully set forth in Counts I & II, Plaintiff was subjected to economic loss, emotional and physical distress, humiliation, and embarrassment by Defendant's sexual harassment and retaliatory actions, all of which was manifested in mental and physical distress, injury, and damage.

33.    As more fully set forth in Counts I & II, Plaintiff has suffered a loss of earnings, emotional distress and a loss of self-confidence, and has been subjected to great damage to her career and professional standing.

34.    The actions of Defendant set forth above constitute violations of the PHRA.

WHEREFORE, Plaintiff, Jessica Edwards, respectfully prays that judgment be entered in her favor and against Defendant, Wellspan Health, d/b/a Wellspan Bariatric Surgery, for all of the relief sought in Counts I & II, <u>supra</u>, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## **<u>DEMAND FOR JURY</u>**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

Aug. 2 , 2017
Date

/s/ Steve T. Mahan
Steve T. Mahan, Esq.
PA Bar No. 313550
smahan@mwcfirm.com

Larry A. Weisberg, Esq.
PA Bar No. PA 83410
lwesiberg@mwcfirm.com

Derrek W. Cummings, Esq.
PA Bar No. PA 83286
dcummings@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*